Leonard A. WALKER, Plaintiff,

v.

TRI–TECH PLANNING CONSULTANTS, INC. and Richard M. Geller and Linda Geller, Defendants.

No. CV 92–3691.

United States District Court, E.D. New York.

June 7, 1993.

Leonard A. Walker, plaintiff pro se.

Robert J. Stern, West Babylon, NY, for defendants.

Memorandum and Order

WEXLER, District Judge.

Plaintiff *pro se* Leonard A. Walker ("plaintiff") has brought suit against his former employer, Tri–Tech Planning· Consultants, Inc. and related defendants ("defendants") based upon his allegedly improper termination. The case was referred to Magistrate Judge David F. Jordan for all purposes related to discovery.

On January 8, 1993, Magistrate Jordan issued an Order allowing plaintiff to serve 107 interrogatories on defendants. The Order further stated, "Comply by 1/29/93." Defendants responded on January 29, 1993

by objecting to approximately 90% of the interrogatories with one or more of eleven objections. Defendants did not seek a protective order at that time.

On or about February 26, 1993, plaintiff filed a motion requesting the following relief: (I) a hearing pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure to require defendants to pay the reasonable expenses of plaintiff's earlier motion to compel; (II) an order to compel defendants' responses to the interrogatories pursuant to Rule 37(b)(2)(A)–(D); and (III) defendants to pay reasonable expenses to plaintiff pursuant to Rule 37(d) as a result of defendants' failure to serve answers to plaintiff's interrogatories. In an Order dated April 8, 1993, Magistrate Jordan denied parts I and III of plaintiff's motion on the ground that *pro se* plaintiffs are not entitled to attorney's fees, and granted part II of plaintiff's motion on the ground that defendants failed to timely move for a protective order pursuant to Rule 26(c). Plaintiff and defendants have appealed, respectively, from those portions of the Order in which the Magistrate ruled against them. For the reasons stated below, the Order is affirmed in part and reversed in part.

### DISCUSSION

Defendants contend that they failed to timely move for a protective order because they believed that plaintiff had filed three separate motions: two motions for sanctions and a separate motion to compel discovery. Furthermore, they believed that plaintiff's motion to compel was not properly made because he failed to comply with Rule 3 of the Joint Rules for Civil Discovery for the Southern and Eastern Districts of New York ("Joint Rules") and Rule 6 of the Eastern District's Standing Orders on Effective Discovery in Civil Cases ("Standing Orders").

Although Magistrate Jordan did not directly discuss plaintiff's alleged failures to comply with the Joint Rules and the Standing Orders, he noted in a footnote that a conference held on March 25, 1993 apparently satisfied the requirements of the Standing Orders. Furthermore, plaintiff had contended in papers submitted to Magistrate Jordan that he had fully complied with the Joint Rules and the Standing Orders.

This Court's review of the April 8, 1993 Order is made pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. The Order can only be set aside if it is found to be "clearly erroneous or contrary to law." Fed. R.Civ.P. 72(a).

This Court finds that plaintiff had made one motion with three parts, not three separate motions as defendants suggest. Moreover, defendants have not shown that the April 8, 1993 Order is "clearly erroneous" in its implicit finding that plaintiff complied with Rule 3 of the Joint Rules and Rule 6 of the Standing Orders. Accordingly, the Order is affirmed to the extent that it compels defendants to respond to plaintiff's interrogatories.

Magistrate Jordan denied Parts I and III of plaintiff's motion on the ground that "It is well established that *pro se* litigants are not entitled to counsel fees...." Plaintiff does not contest that proposition, but he notes that he sought "expenses" not attorney fees in his motion. Rule 37(a)(4) provides for the award of *"reasonable expenses* incurred in obtaining the order, *including* attorney's fees. (emphasis added). Similarly, Rule 37(d) states that when a party fails to respond to interrogatories, that party shall be responsible for the payment of *"reasonable expenses, including* attorney's fees, caused by that failure...." (emphasis added).

This Court is not aware of any authority or principle of law which prevents *pro se* litigants from recovering their expenses in a Rule 37 motion. Accordingly, this Court reverses the April 8, 1993 Order to the extent that it denies recovery of such expenses and remands the case to Magistrate Jordan for the purpose of determining the appropriate award of expenses, if any.

SO ORDERED.